UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD ARJUN KAUL,

Plaintiff,

v.

CHRISTOPER J. CHRISTIE, et al.,

Defendants.

Civ. No. 16-2364 (KM) (SCM)

**MEMORANDUM and ORDER**

**KEVIN MCNULTY, U.S.D.J.:**

Before the Court are two motions of the plaintiff, Richard A. Kaul, M.D., for a default judgment against defendant Lewis Stein, Esq., pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 149, 192) For the reasons set forth below, I will deny the motions.

I write for the parties and so assume familiarity with my Opinion and Order dismissing Dr. Kaul's amended complaint ("AC") for lack of subject matter jurisdiction and, more generally, for failure to state a claim (ECF Nos. 200 ("Op."), 201) I highlight here only the facts and procedural history that are pertinent to the resolution of these motions.

I. **BACKGROUND**

Dr. Kaul's original complaint, some 200 pages long, was filed on February 22, 2016, in the U.S. District Court for the Southern District of New York. (ECF No. 1) On April 19, 2016, venue of the case was transferred to this District. (ECF No. 19)

An Affirmation of Service, dated May 2, 2016, states that on that date, Melissa Cecala served defendant Stein by hand delivery at an office building in Succasunna, NJ. (ECF No. 54 at 13–14, filed May 23, 2016) The recipient might well have been confused, however, by the attachment of a caption

1

indicating that the defendant is being sued in the Southern District of New York, where the case was previously venued. (*Id.*) The Summonses were issued by the New York court as well, prior to the transfer. (*See* entry following ECF no. 1, Feb. 22, 2016) From other filings by Dr. Kaul, I gather that he may have served the Complaint in the form of a flash drive, though this is not certain. (*See, e.g.,* ECF no. 66 (regarding service on another defendant; ECF nos. 12, 13 (regarding invalid attempt to file documents with the court on thumb drive or CD ROM)).

At any rate, the original complaint was quickly superseded. On June 8, 2016, Dr. Kaul filed an amended complaint ("AC") in this Court alleging violations of federal organized crime laws, antitrust laws, and constitutional rights, as well as state law torts against 40-odd defendants. (ECF No. 57)[1] Separate summonses were not issued in connection with the AC, and it was not separately served.

In November 2016, virtually all defendants (but not Stein) moved to dismiss the AC. (ECF No. 128) In December 2016, Dr. Kaul again requested that the clerk enter default against Stein. (ECF no. 147) The request attaches what purports to be a copy of the Affirmation of Service (ECF no. 54 at 13), referred to above.[2] The clerk entered default. (ECF no. 148)

Dr. Kaul prematurely moved for a default judgment in advance of entry of default, without specifying a dollar amount (ECF no. 149). Six months

---

[1] On June 15, 2016, Magistrate Judge Mannion extended the defendants' time to respond until August 19, 2016. (ECF no. 59) Inexplicably, on June 21, 2016, Dr. Kaul requested that the clerk enter default against non-responding defendants, including Stein; the request was denied. (ECF no. 60).

[2] The motion for default judgment, too, attaches a "true and correct" copy of the Affirmation of Service. (ECF No. 192-3) There is, however, a discrepancy. The version originally filed (ECF no. 54) bears the heading "United States District Court District of New Jersey," while the version filed in connection with this motion (ECF no. 192) for some reason bears the heading "United States District Court Southern District of New York" (ECF No. 192-3).

2

later, on June 13, 2017, Dr. Kaul again moved for a default judgment against Stein. (ECF no. 192)

By Order and Opinion filed June 30, 2017, I granted multiple motions of defendants (not including Stein, however) to dismiss the Complaint. (ECF nos. 200, 201) In part, the motions were granted on jurisdictional grounds, but the chief grounds were failure to plausibly allege claims for relief under Fed. R. Civ. P. 12(b)(6).

## II. ANALYSIS

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir.1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 03-cv-1969, 2006 U.S. Dist. LEXIS 14027, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d § 2688, at 58-59, 63).

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is ordinarily twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18-19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

As to this requirement—ordinarily a simple one—the picture is so muddled that I am reluctant to enter judgment against a non-responding defendant. The Affirmation of Service indicates that Stein was served with the

original complaint (possibly in thumb-drive form). The original complaint itself, however, is so prolix and confusing that a defendant (one of forty or more) would find it extremely difficult to extract from it the nature of the claims against him. The summons, however, would necessarily have directed Stein to the Southern District of New York. A number of procedural machinations, extensions of time to answer, and so on, followed, and the case was transferred to the District of New Jersey. Almost immediately, Dr. Kaul filed the AC (which was not separately served). I will set all this aside, however, and assume *arguendo* that service was duly accomplished.

To determine whether a default judgment is appropriate, the court evaluates three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). All three factors weigh in favor of denial of these motions for a default judgment.

As to the first factor, I have already held that the AC states no legitimate claim. Analyzing "dozens" of motions to dismiss by Stein's codefendants (presented mostly as a single omnibus motion), I granted dismissal of the AC, in its entirety, on June 30, 2017. (ECF nos. 200, 201) It is true that Stein himself was not a movant. He was, however, one of a laundry list of defendants named in the AC. (In his motion for a default judgment, Dr. Kaul cites Count One (RICO) and Count Twelve (aid in the commission of a tort) as the ones particularly relevant to Stein.)

Some examples of global pleading defects applicable to all defendants, including Stein, include:

- Failure to plead a pattern of racketeering acts under the RICO Act (Op. 52-58);
- Failure to plead a plausible relevant market (*Id.* 59-60);

- Suing under federal criminal statutes that do not offer a private right of action (*Id.* 34-35);
- Suing private citizens, such as Stein, for constitutional violations implausibly undertaken under color of state law (*Id.* 47-48); and
- Suing non-employers, such as Stein, for Title VII violations. (*Id.* 35-36).

As to Stein specifically, the allegations of the AC are best summarized in paragraph 58, which I reprint here:

> 58. **Lewis Stein** violated the Racketeer Influenced and Corrupt Act when he conspired with the defendant neurosurgeons, medical board and state to revoke the plaintiffs medical license, in the knowledge that a revocation would facilitate the collection of monies from a verdict he had obtained in the James Jarrell matter. The defendant shared information about the plaintiff, with the aforementioned defendants, in a series of coordinated and sustained attacks on the professional reputation of the plaintiff. Defendants Lindy Washburn and North Jersey Media, Inc, promoted Stein's story. It is alleged that the defendant provided kickbacks to the defendant governor, in return for the facilitation of the Jarrell lawsuit. The extent of information sharing between New Jersey attorneys became evident when, during a deposition in August 2012, Stein asked the plaintiff if he was aware of what the tenant, who had just occupied the plaintiffs Manhattan townhouse, did for a living. The only other defendant that could had any connection to the tenant was defendant, Kenneth Hollenbeck, Esq. Stein is based in Morris County which is the political base for the defendant governor. On June 13th 2012 the plaintiffs attorney, Robert Conroy, stated to the plaintiff, that "this is all coming out of Morris County" with regards to the revocation of his medical license. The defendant's client, James Jarrell, testified on behalf of the defendant state against the plaintiff during the May 2013 hearing in the OAL. At the end of his testimony, as he was walking out of the courtroom, Jarrell indicated to the plaintiff that he hoped his appearance for the state would not compromise his ability to collect his monies.

These conclusory allegations fail to set forth a claim against Stein based on the RICO allegations, which are said to be predicated on acts of fraud,

extortion, or conspiracy. Nothing about the allegations, or this motion, suggests any basis for concluding that Stein would be excepted from my earlier dismissal of the AC. For these reasons, as well as the ones detailed in my earlier Opinion, I find that factor one clearly weighs in favor of denial.

I address the second and third factors only briefly. As to factor two, Dr. Kaul will not suffer any cognizable prejudice because, as I have already found, the claims of the AC lack merit. And as to factor three, there is no reason to believe that Stein's failure to appear and defend was willfully negligent rather than the result of defective or confusing process.[3]

In sum, the AC fails to state any viable federal claim against Stein, and because no federal cause of action is pled, I would decline to exercise supplementary jurisdiction over the remaining state law claims. All things considered, then, I will not enter a default judgment against Stein.

The motions for default judgments are denied.

## ORDER

For the foregoing reasons,

**IT IS** this 7th day of July, 2017

**ORDERED** that the motions for default judgment (ECF No. 149, 192) are **DENIED**.

_____
KEVIN MCNULTY
**United States District Judge**

---

[3] There is also the matter of the damages sought:

**Kaul's Damages**

8. $1,837,240.9584018631956 trillion (treble damages 1/46 of total monetary compensation ...)

(ECF no. 192-1 at 6 ¶ 8) Alternatively, in his brief on the same motion, Dr. Kaul fixes the damages at "$28,171,028.828568999213/46 = $612,413.6528006210652 trillion." (ECF no. 192-2 at 13)

6