# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

RICHARD ARJUN KAUL,

    Plaintiff,

v.

CHRISTOPHER J. CHRISTIE, *et al.*,

    Defendants.

Case No. 2:16-cv-2364 (BRM) (JAD)

**ORDER**

**THIS MATTER** is opened to the Court by Plaintiff Richard Arjun Kaul's ("Kaul") Motion for Reconsideration of the Court's February 22, 2019 Opinion and Order. (ECF Nos. 300 and 301).[1]

Richard A. Kaul, an anesthesiologist by training, performed minimally invasive spine surgeries. In March of 2014, the New Jersey State Board of Medical Examiners revoked his medical license. (ECF No. 301 at 1.) They found that Kaul's execution of spine surgeries on eleven patients without proper training and experience constituted "gross and repeated malpractice, negligence, and incompetence." (*Id.*) Kaul brings this action alleging financial and reputational injuries caused by their "scheme to permanently eliminate [him] from the practice of medicine anywhere in the world." (ECF No. 204 at 7.)

---

[1] This Court assumes, for the purpose of this Opinion, that "The McNulty Analysis" is a Motion for Reconsideration. (ECF No. 313). In Kaul's reply brief to Defendant's opposition of "The McNulty Analysis" (ECF No. 341), he claims "The McNulty Analysis" is "not proposed as a motion for reconsideration" and is "nothing more than a document to prove the error of Judge McNulty's opinions/orders of February 22, 2019." (ECF No. 341 at 21-22). If that is true, there are no motions before this Court. However, as will be addressed below, at a status conference held by the Court, Kaul admitted that this Motion for Reconsideration was pending.

On February 22, 2016, Kaul filed the initial Complaint in the United States District Court for the Southern District of New York.[2] (ECF No. 1.) On April 19, 2016, the case was transferred to the Honorable Kevin McNulty, U.S.D.J. because most Defendants and events giving rise to the Complaint were allegedly located in New Jersey. (ECF Nos. 1, 2, and 19.)

Kaul filed his First Amended Complaint, asserting twelve causes of action, on June 8, 2016. (ECF No. 57.) On December 22, 2016, Kaul filed a motion for default judgment against defendant Lewis Stein, Esq. ("Stein") (ECF No. 149.) Then, on June 13, 2017, Kaul filed a second motion for default judgment against Stein. (ECF No. 192.) On July 7, 2017, Kaul's motions for default judgment against Stein were denied. (ECF No. 202.)

On June 30, 2017, Kaul's First Amended Complaint was dismissed, in part for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), and mainly for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF Nos. 200 and 201 (as amended on July 10, 2017 by ECF No. 203).) On August 10, 2017, Kaul filed a Second Amended Complaint. (ECF No. 204.) On September 6, 2018, through *sua sponte* review, Kaul's Second Amended Complaint was vacated due to its gratuitous length that placed an unfounded burden on the Court. (ECF Nos. 204 and 208.) Kaul was then giving multiple opportunities to revise his Second Amended Complaint (ECF Nos. 209, 214, and 231) and on May 22, 2018, the final version filed was approved for filing. (ECF No. 240). In response to Kaul's Second Amended Complaint, Defendants filed five motions to dismiss with the Court. (ECF Nos. 257-260, and 263.) On November 6, 2018, Kaul filed opposition briefs against the motions to dismiss. (ECF Nos. 268, 272, and 276.)

---

[2] This case is only one of a series of cases filed by Kaul. *See also* Docket Nos. 18-8086, 19-8946, 19-9232, and 19-13477.

On December 13, 2018, the clerk of the court entered default against Stein (ECF No. 280) and Kaul filed a motion for default judgement against Stein (ECF No. 281). Subsequently, Stein filed a Response in opposition to the motion for default judgment (ECF No. 282) and Kaul filed two letters in support of the default judgment (ECF No. 286 and 288). On February 22, 2019, Kaul's motion for entry of a default judgment against Stein was denied along with Kaul's request to further amend his Second Amended Complaint. (ECF No. 300 at 28.) On the same day, Kaul's Second Amended Complaint was dismissed. The federal claims were dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 9(b), failure to define a relevant market, and failure to state a claim upon which relief can be granted. (*Id.* at 47.) The State law claims in the Second Amended Complaint were dismissed without prejudice for lack of subject matter jurisdiction. (*Id.*)

On March 18, 2019, Kaul filed a letter of reconsideration to reverse the Order dismissing his Second Amended Complaint, to grant discovery, to amend his Second Amended Complaint, to transfer the case back to the Southern District of New York and to refer Stein to the New Jersey Ethics Committee. (ECF No. 313 at 1-2.) On May 3, 2019, Defendants filed an omnibus brief in opposition to Kaul's motion for miscellaneous relief. (ECF No. 331.) Kaul filed a reply to Defendant's opposition (ECF No. 341) and subsequently filed twenty-two motions for summary judgment (ECF Nos. 343-63, and 368). On June 5, 2019, this matter was transferred to the undersigned. (ECF No. 367.) On June 26, 2019, as a result of a status conference, the twenty-two motions for summary judgment were administratively terminated.[3] (ECF No. 378.)

---

[3] During the status conference, this Court confirmed Kaul filed twenty-two summary judgement motions and a Motion to Reconsider. (Unofficial Transcript of Record (ECF No. 378 at 9-10).) This Court administratively terminated the twenty-two summary judgment motions in this closed matter "for docket control." (*Id.*) Upon termination of the twenty-two motions for summary

Now, Kaul moves for reconsideration of the Court's February 22, 2019 Opinion and Order on the basis that the Court allegedly committed errors of law, oversights, and omissions. (ECF No. 313-1.) Specifically, Kaul alleges that the Court's "pattern of evidential omission and mischaracterization" is "unquestionably prejudiced and designed to undermine Kaul's case." (*Id.* at 12.) He points to examples of where he claims this Court has previously not included the precise verbiage or specific content provided in his own filings with the Court. (*Id.* at 11-12, 16-17, 26, 52-62.) He also points to videos that allegedly "demonstrate his irrefutably competent performance."[4] (*Id.* at 14 and 54.)

Kaul further alleges this Court, knowingly and unknowingly, based decisions on instances of fraud. (*Id.* at 41). He alleges the New Jersey Medical Board "serves only the political and economic agendas" of Defendants Allstate and Geico, that his license was illegally terminated (*id.* at 14-15), and that the dismissal of the State Defendants "ostensibly based on immunity grounds, was a calculated move, purposed to weaken the thrust of the Kaul's case" (*id.* at 16). He also alleges that the lack of default judgment against Stein, along with other elements of the opinion, are not supported by the facts or law. (*Id.* at 42, 44-45, and 56.) Kaul points to procedural history as proof of additional areas of fraud and obstruction committed by this Court, particularly the Court's denial of discovery. (*Id.* at 20-28, 34-38, 41-43, and 53.) He alleges there was "ex-parte communications between counsel for defendants and the Court" in an attempt for Kaul to "pack his bags and leave." (*Id.* at 34-35.) He also contends the legal standard for a motion to dismiss was applied incorrectly. (*Id.* at 47-49, 50-62.)

---

judgment, the Court confirmed that Kaul's Motion for Reconsideration was the only motion before the Court. (*See id.*) Defendants and Kaul agreed. (*See id.*)

[4] The videos provided by Kaul have been reviewed by this Court. (ECF No. 241 at 93, Ref. 1-13.)

4

Motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010).[5] The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). The Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345

---

[5] Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure, *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999), but are accepted in this District under the Local Civil Rules. Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). *Id.* For the same reasons that Kaul's motion is denied on the merits under the Local Rule, it is denied under the Federal Rules. *See Holsworth v. Berg*, 322 F. App'x 143, (3d Cir. 2009) (construing motion for reconsideration as the functional equivalent of a Rule 59(e) motion to alter or amend a judgment which requires either "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice").

(D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

The Court has reviewed the submissions filed in connection with the motions and enters its decision without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

**IT APPEARING THAT**:

1. Kaul's Motion does not assert: (1) there has been an intervening change in the controlling law; (2) there is new evidence available that was not available when the Court issued its February 22, 2019 Memorandum Opinion and Order; or that (3) the February 22, 2019 Memorandum Opinion and Order contains a clear error of law or fact. *See United States ex rel. Schumann*, 769 F.3d at 848–49;

2. While Kaul argues the Court did not consider elements of the Second Amended Complaint when rendering its opinion, the Court reviewed and cited to the Second Amended Complaint on multiple occasions throughout its Memorandum Opinion and Order. (*See* ECF No. 301.) "It is improper on a motion for reconsideration to ask the Court to rethink what it has already thought through, whether rightly or wrongly." *S.C. ex rel. C.C. v. Deptford Tp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003) (citation omitted);

3. Kaul argues his Motion for Reconsideration should be granted because of legal alleged errors, omission, and fraud. (*See* ECF No. 313-1);

4. Kaul merely disagrees with the Court's previous decision and is attempting to relitigate the issues previously decided in the February 22, 2019 Opinion and Order. This is not a valid basis for a motion for reconsideration. *See Blystone*, 664 F.3d at 415 (expressly forbidding the use of a motion for reconsideration to relitigate a motion);

5. The Court clearly reviewed and considered the record and the arguments cited in the parties' briefs, and, as demonstrated, did not rely "on facts not in [the] record" or fail to consider information available at the time of the denial (ECF No. 300 and 301); and

6. As such, Kaul does not meet his burden in demonstrating the Court committed a clear error of law.

Accordingly, for the reasons set forth above and for good cause appearing,

**IT IS** on this 29th day of July 2019,

**ORDERED** that Kaul's Motion for Reconsideration (ECF No. 9) is **DENIED**; and

**ORDERED** that this Matter is **CLOSED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**