**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD ARJUN KAUL, M.D., *Plaintiff*, v. CHRISTOPHER J. CHRISTIE, *et al. Defendants*, | Civil Action No. 16-cv-02364 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court are Defendants Dr. Robert Heary and Dr. William Mitchell's motions for reconsideration, D.E. 306, D.E. 436, of United States District Judge Kevin McNulty's Order, D.E. 301, and Opinion, D.E. 300, dismissing Plaintiff's Second Amended Complaint, D.E. 241 ("SAC"), in its entirety. Also before the Court are several letter requests filed by Defendants, *see e.g.*, D.E. 431, D.E. 432, D.E. 433. The Court reviewed the parties' submissions in support and in opposition and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Dr. Robert Heary's motion is granted and Dr. William Mitchell's motion is denied.

**I.    BACKGROUND**

The Court incorporates the extensive factual background set forth in Judge McNulty's decision dismissing Plaintiff's SAC, D.E. 300 ("Prior Op." or "Prior Opinion"). Judge McNulty's Prior Order, D.E. 301 ("Prior Ord." or "Prior Order"), dismissed Plaintiff's SAC in its entirety against all Defendants. *See* Prior Order at 1-2. Judge McNulty dismissed Plaintiff's federal claims (Counts One, Two, Three, Four, Five, part of Six, and Eleven) as to all Defendants with prejudice and dismissed Plaintiff's remaining state law claims (the remainder of Count Six and Counts Seven

through Ten and Twelve through Fourteen) as to all Defendants without prejudice for lack of subject matter jurisdiction. *Id*. at 2.  Judge McNulty further ordered that Plaintiff "may" file a "properly supported motion to amend the complaint within 30 days after" the date of the Prior Opinion and Prior Order.[1]  *Id*.

On March 6, 2019, although the Court had dismissed Plaintiff's claims against him, Dr. Heary filed a letter with the Court, requesting it resolve his supplemental motion to dismiss, D.E. 259, which sought dismissal of all of Plaintiff's claims against Dr. Heary *with prejudice* based on collateral estoppel.  D.E. 304 at 2-5.  Dr. Heary's letter further noted that the Court also failed to resolve Dr. Mitchell's supplemental motion to dismiss, D.E. 257, which was based on identical grounds.  *Id*.  Dr. Mitchell has subsequently requested the Court to resolve the issue of his supplemental motion to dismiss that the Court's Prior Order failed to address.  D.E. 436.  Judge McNulty construed Dr. Heary's letter as a motion for reconsideration.  D.E. 307 ("The letter of Edward G. Sponzilli, Esq., dated March 6, 2019 shall be treated as a motion for reconsideration insofar as it points to an oversight in the court's resolution of the claims against Drs. Heary and Mitchell.").  Plaintiff opposed the motion for reconsideration.

On March 3, 2019, Plaintiff appealed the Prior Opinion and Prior Order to the Court of Appeals for the Third Circuit.  D.E. 314.  On March 17, 2019, Plaintiff filed a motion for miscellaneous relief, requesting, among other things, reconsideration of the Prior Opinion and Prior Order and the Court to grant discovery of the Defendants.  D.E. 313.  Importantly, with respect to the Prior Order's mandate that Plaintiff submit a "properly supported motion to amend the complaint within 30 days after" the Prior Order, Plaintiff "respectfully decline[d] th[e] offer" because he asserted that the offer to amend was "motivated not by a desire to do justice, but by an

---

[1] As explained below, Plaintiff "respectfully decline[d]" this offer.  D.E. 313.

ill-intended effort to 'cover-up' the defendants' crimes." *Id*. at 2. Thus, Plaintiff sought permission to amend both his federal and state-law claims, despite the Court's order dismissing the federal claims with prejudice. *Id*. at 1. Defendants opposed Plaintiff's motion. D.E. 331. Shortly thereafter, Judge McNulty recused himself from this case because Plaintiff named him and sued one of his relatives in a lawsuit. D.E. 340 at 4. Plaintiff then filed 21 motions for summary judgment against certain Defendants even though the Court had dismissed all Defendants from the case in the Prior Order. D.E. 343 – D.E. 363.

United States District Judge Brian R. Martinotti took over the case on June 6, 2019. D.E. 366. Judge Martinotti then administratively terminated Plaintiff's pending motions for summary judgment. D.E. 379. Judge Martinotti observed that Plaintiff's motion for reconsideration was the only motion still pending before the Court, D.E. 385 at 3-4 fn. 3, and denied the motion, finding Plaintiff failed to "meet his burden in demonstrating the Court committed a clear error of law." D.E. 385 at 6-7. Judge Martinotti then ordered the matter closed. *Id*. at 7. Plaintiff appealed Judge Martinotti's denial of Plaintiff's motion for reconsideration and moved to disqualify Judge Martinotti. D.E. 395, D.E. 398. The matter was then reassigned to this Court. D.E. 404.

Shortly after the matter was assigned to this Court, the Third Circuit issued a certified order on Plaintiff's appeal of the Prior Opinion and Prior Order. D.E. 405. The Third Circuit found that it lacked jurisdiction over the appeal because it could not "conclude with any certainty that the District Court has disposed of all claims against all parties . . . it appears that claims remain against defendants Dr. Robert Heary and Dr. William Mitchell." D.E. 405 at 2.[2] Plaintiff then filed 22

---

[2] Pursuant to the Court's review, it does not appear that any claims remain against any Defendant in this case. The Prior Order and Prior Opinion dismissed all of Plaintiff's claims in his SAC. *See* D.E. 301. Dr. Heary's motion for reconsideration merely requested that the Court rule on his supplemental motion to dismiss, which, in turn, sought prejudicial dismissal of Plaintiff's state law claims against himself and Dr. Mitchell. Irrespective of those additional grounds for dismissal as

3

motions for summary judgment. D.E. 407 – D.E. 428. The Court denied Plaintiff's motions for summary judgment for failure to comply with the Court's summary judgment procedure. D.E. 430.

On July 13, 2020, Defendants GEICO Insurance Company, GEICO Indemnity, Government Employees Insurance Co., and GEICO Casualty (collectively "GEICO") filed a letter, requesting the Court to issue an "All Writs Act" injunction against Plaintiff (1) "restraining Plaintiff from filing any further motions or requests on the docket in this case or serving GEICO or any of the other Defendants with discovery requests without leave of the Court", and (2) striking certain discovery the Plaintiff attempted to serve on Defendants. D.E. 431 at 2-3. GEICO also requested the Court to resolve Dr. Heary's motion for reconsideration of the Prior Opinion and Prior Order. *Id*. at 3-4. Several other Defendants joined in GEICO's requests. D.E. 431, D.E. 432, D.E. 436, D.E. 437. Plaintiff opposed these requests. D.E. 438, D.E. 439, D.E. 440. Plaintiff also filed a letter seeking permission to move for summary judgment against Defendants. D.E. 434, D.E. 447. On August 26, 2020, counsel for Defendant Dr. Kaufman informed the Court of a "concerning development" wherein Plaintiff appeared at Dr. Kaufman's home and attempted to serve filings on one of Dr. Kaufman's family members while filming the interaction. D.E. 446. These letters, D.E. 431, D.E. 432, D.E. 434, D.E. 436, D.E. 437, D.E. 447, are addressed in the accompanying Order.

---

to those Defendants, all of Plaintiff's state-law claims against "all defendants" were dismissed in the Prior Opinion and Prior Order. *See* D.E. 301 at 2 ("The state-law claims, consisting of the following counts, are DISMISSED WITHOUT PREJUDICE . . . Counts Six, Counts Seven through Ten, and Counts Twelve through Fourteen against *all defendants* for lack of subject matter jurisdiction." (emphasis added)); *see also* Prior Opinion at 27 fn. 27 ("Dr. Mitchell and Dr. Heary [in addition to filing supplemental motions to dismiss] . . . have also joined the Omnibus Motion to Dismiss.")).

4

## II. STANDARD OF REVIEW

Judge McNulty construed Dr. Heary's motion as one for reconsideration, D.E. 307. Although Judge McNulty acknowledged that Dr. Heary and Dr. Mitchell had filed supplemental motions to dismiss, Prior Op. at 27 fn. 27, Judge McNulty never considered the merits of those motions. As such, the Court finds it appropriate to consider Dr. Heary and Dr. Mitchell's letter requests, D.E. 307 and D.E. 436 respectively, as motions to renew their supplemental motions to dismiss. Accordingly, the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions

disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III.   ANALYSIS

Dr. Heary and Dr. Mitchell's motions to dismiss are based in part on Judge McNulty's June 30, 2017 opinion concerning Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC"). D.E. 200.[3] In that opinion, Judge McNulty addressed a motion to dismiss based on *res judicata* and New Jersey's entire controversy doctrine. *Id.* 36-43. Specifically, a group of Defendants who were doctors (the "Doctor Defendants") – among them Drs. Heary and Mitchell – argued that a decision by the New Jersey Superior Court (the "State Court") dismissing Plaintiff's claims against them in a state case (the "State Court Action")[4] with prejudice barred Plaintiff's claims here. *Id.* at 36; *see also* Prior Op. at 27 fn. 27 ("In my previous filed Opinion . . . I dismissed several defendants from the action because of striking similarities between the First Amended Complaint and a state complaint already dismissed with prejudice . . . I granted remaining defendants leave to file a motion to dismiss with updated information on the referenced action so

---

[3] Judge McNulty amended this opinion to correct a miscite regarding New Jersey's entire controversy doctrine. *See generally* D.E. 304; *see also* 303. This amendment did not affect Judge McNulty's application of the entire controversy doctrine to the individual Defendants, which is at issue here. D.E. 304 at 1 ("The bulk of the entire controversy discussion is unaffected. That is, the entire controversy doctrine is first applied in relation to persons who were also parties to the prior action[.]").

[4] The "State Court Action" refers to the case captioned *Richard A. Kaul, MD. v. Robert F. Heanj, M.D., et al.*, Dkt. No. BER-L-2256-13 filed in the Superior Court of New Jersey, Law Division – Bergen Vicinage.

that they may properly make an argument based on *res judicata* and the entire controversy rule."). Judge McNulty agreed, in part, and dismissed all of Plaintiff's claims against two doctors based on the State Court's dismissal of the State Court Action against those Defendants with prejudice. D.E. 200 at 42. Judge McNulty concluded that the State Court action, as against the Doctor Defendants, involved the same "transaction" as alleged in Plaintiff's FAC – "a conspiracy to force [Plaintiff] from the minimally invasive spine surgery market." *Id*. at 40. Judge McNulty further concluded that the State Court's dismissal of the claims in the State Court Action with prejudice constituted "an adjudication on the merits." *Id*. at 41. Finally, Judge McNulty found that, based on the similarity of claims alleged and the State Court Action and in Plaintiff's FAC, the entire controversy doctrine barred all claims against the Doctor Defendants. *Id*. at 42 ("I concluded that all claims are barred."). Thus, Judge McNulty dismissed Plaintiff's claims against Drs. Moore and Carmel with prejudice based on the entire controversy doctrine. *Id*. at 43. However, Judge McNulty refused to dismiss the claims against Drs. Heary and Mitchell based on the entire controversy doctrine because they failed to provide the Court with clear evidence that the State Court Action had been dismissed against them with prejudice. *Id*. at 42 ("I do not have an order before me clearly dismissing the State [Court Action] with prejudice as to all named parties . . . I will therefore deny, without prejudice to renew, the motion to dismiss based on *res judicata* and entire controversy rule for any remaining defendants.") Judge McNulty granted Drs. Heary and Mitchell "leave to file a motion to dismiss with updated information on the referenced action so that they may properly make an argument based on *res judicata* and the entire controversy rule." Prior Op. at 27 fn. 27.

Drs. Heary and Mitchell now contend they have submitted sufficient evidence that the State Court Action was dismissed as against them with prejudice. They therefore contend that under

7

"the law of this case," D.E. 257-1 at 7, Plaintiff's complaint should be dismissed as against them with prejudice. *See id.*; see also D.E. 259-1 ("Your Honor has already undertaken that analysis and concluded that all claims would be barred if Dr. Heary were dismissed with prejudice in the [State Court Action]."). "The law of the case doctrine 'limits relitigation of an issue once it has been decided' in the same case or litigation." *Scudder v. Colgate Palmolive Co.*, No. CV167433MASTJB, 2018 WL 4188456, at *2 (D.N.J. Aug. 31, 2018) (citing *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. 2018)).

The first issue is whether Drs. Heary and Mitchell have produced sufficient evidence to establish that the State Court dismissed the State Court Action against them with prejudice. The Court concludes that Dr. Heary has done so. Exhibit A to the Certification of Eric Alvarez submitted with Dr. Heary's supplemental motion to dismiss provides an executed order from the State Court which orders that "the Verified Complaint" in the State Court Action "be, and hereby is, dismissed with prejudice against defendant Robert F. Heary, M.D. for the reasons set forth on the record today." D.E. 259-2, Ex. A. However, the Court finds that Dr. Mitchell has not put forward sufficient evidence that the State Court Action was dismissed as to him with prejudice. The State Court's order that Dr. Mitchell provided with his supplemental motion to dismiss indicates that the State Court granted Defendant Dr. Gregory J. Przybylski's motion to dismiss and that Plaintiff's verified complaint was dismissed with prejudice, but the document does not reference Dr. Mitchell and/or whether all claims have been dismissed against all Defendants. D.E. 573-2, Ex. A. Indeed, as Dr. Mitchell admits, Judge McNulty had this order before him when evaluating Defendants' entire controversy arguments for the first motion to dismiss and declined to dismiss Plaintiff's claims against Dr. Mitchell. D.E. 257-2 ("[The State Court's] order was previously filed on this docket in this matter, as ECF 128-10, as Exhibit H to the prior motion to

dismiss."). Dr. Mitchell has also provided a screenshot of the electronic docket from the State Court Action. D.E. 257-4, Exhibit B. However, the Court is unable to discern from this document whether all claims in the State Court Action have been dismissed against Dr. Mitchell. Accordingly, only Dr. Heary has produced sufficient evidence to establish that the State Court Action was dismissed with prejudice as to him. Dr. Mitchell's supplemental motion to dismiss based on collateral estoppel and the entire controversy doctrine is denied.[5]

The remaining issue is whether the allegations in Plaintiff's SAC are sufficiently similar to the allegations in Plaintiff's FAC such that Judge McNulty's prior determination that the State Court Action barred Plaintiff's FAC applies to the claims in Plaintiff's SAC against Dr. Heary. The Court finds that the allegations regarding Dr. Heary in Plaintiff's SAC are materially identical to those in the FAC. Regarding the FAC, Judge McNulty found that Plaintiff alleged Dr. Heary participated in a conspiracy to harm Plaintiff's competition through "defamation, downgrading certain billing codes to make certain procedures performed by [Plaintiff] less profitable, and spurring the State to initiate disciplinary proceedings." D.E. 200 at 39. In the FAC, Plaintiff alleged that "Dr. Heary 'encouraged' one of his patients to file an action with the Board." *Id*.; *see also* FAC ¶ 68. The SAC makes nearly identical allegations against Dr. Heary. The SAC alleges the "Neurosurgical Defendants knowingly and intentionally participated in sham litigation against the Plaintiff that included encouraging patients to file lawsuits and complaints with the medial board[.]" SAC ¶ 341. The SAC also generally alleges that Dr. Heary "conspired to have [Plaintiff's] license revoked." *Compare* SAC ¶ 132 *with* FAC ¶¶ 68, 73. In the FAC, Plaintiff alleged that Dr. Heary used his power and positions within medical societies "to lobby politicians,

---

[5] Nonetheless and as described above, the Court notes that, pursuant to the Prior Order, all of Plaintiff's claims have been dismissed against Dr. Mitchell.

9

insurance companies, and professional organizations to make endoscopic discectomies less profitable." D.E. 200 at 39 (citing FAC ¶¶ 72, 80, 92, 103). The SAC alleges Dr. Heary's participation in the same scheme. *See* SAC ¶ 322 ("Defendants accomplish this scheme by, inter alia, (i) obtaining through fraud a downgrading of the relative value unit associated with outpatient endoscopic discectomy."). With respect to Dr. Heary, the allegations in the SAC are materially identical to those in Plaintiff's FAC. Moreover, the Plaintiff's SAC does not include perjury allegations against Dr. Heary, like those levied in the FAC against Defendant Przybylski. *See* D.E. 200 ("Dr. Przybylski . . . *also* is alleged to have perjured himself during the disciplinary proceedings." (emphasis in original)). And Dr. Heary has proved that he was dismissed from the State Court action with prejudice. Consistent with Judge McNulty's prior findings, *see* D.E. 200 at 39-42, D.E. 303, at 36-43, Plaintiff's claims against Dr. Heary are dismissed with prejudice based on *res judicata* and entire controversy grounds.

## IV.    CONCLUSION

Dr. Heary's supplemental motion to dismiss, D.E. 259, is granted. Dr. Mitchell's supplemental motion to dismiss, D.E. 257, is denied. An appropriate Order accompanies this Opinion.

Dated: November 5, 2020

_____
John Michael Vazquez, U.S.D.J.