# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

RICHARD ARJUN KAUL, M.D.,

    *Plaintiff*,

v.

CHRISTOPHER J. CHRISTIE, et al.,

    *Defendants*.

Civil Action No. 16-2364

**ORDER**

**John Michael Vazquez, U.S.D.J.**

    Presently pending before the Court is certain Defendants' motion for an order for clarification or to amend the November 5, 2020 Order, D.E. 457, and Plaintiff's notice of voluntary dismissal, D.E. 468; and it further

    **APPEARING** that Plaintiff filed a notice of appeal for the November 5, 2020 Order. D.E. 451. This is the same Order that the moving Defendants seek to clarify or amend; and it further

    **APPEARING** that on July 1, 2021, Plaintiff filed a notice of voluntary dismissal. In the notice, Plaintiff states that he wishes to dismiss the case without prejudice. D.E. 468; and it further

    **APPEARING** that because of Plaintiff's appeal, this Court entered a text order stating that it was without jurisdiction to address Plaintiff's notice of voluntary dismissal. The Court explained that "[i]f Plaintiff wishes to dismiss this matter, he must make the request to the Third Circuit." D.E. 469; and it further

    **APPEARING** that on August 29, 2021, Plaintiff filed a letter with the Third Circuit indicating that he was voluntarily dismissing his appeal. D.E. 470; and it further

    **APPEARING** that on November 12, 2021, the Third Circuit entered an Order stating that the appeal was dismissed pursuant to Federal Rule of Appellate Procedure 42(b). D.E. 471. Thus,

this Court has jurisdiction to entertain Plaintiff's notice of voluntary dismissal; and it further

**APPEARING** that in his notice of voluntary dismissal, Plaintiff states that he wants to dismiss the matter pursuant to Rule 41(a)(1)(A)(B). D.E. 468; and it further

**APPEARING** that Federal Rule of Civil Procedure 41(a) addresses voluntary dismissal of a matter. Pursuant to Rule 41(a)(1)(A), a plaintiff may voluntarily dismiss a matter, without a court order, by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). Here, one Defendant filed an answer before Plaintiff filed his notice of voluntary dismissal. D.E. 69. Accordingly, Rule 41(a)(1)(A) is not available to Plaintiff; and it further

**APPEARING** that Rule 41(a)(2) provides that a matter may be dismissed at a plaintiff's request with a court order. Fed. R. Civ. P. 41(a)(2). "The determination whether to grant a motion for voluntary dismissal rests within the discretion of the district court." *Genty v. Township of Gloucester*, 736 F. Supp. 1322, 1326 (D.N.J. 1990) (internal quotation omitted). "Where no parties object, the court should allow the dismissal," which should be permitted "absent substantial prejudice to the defendant." *Id.*; and it further

**APPEARING** that "[t]he issue of whether (a)(1) or (a)(2) applies is largely one of timing, not prudence." *Turner v. New Jersey*, No. 20-533, 2021 WL 926597, at *3 (D.N.J. Mar. 11, 2021). Thus, a court may recharacterize a Rule 41(a)(1) dismissal as a Rule 41(a)(2) dismissal based on the procedural posture of the case. *Id.*; and it further

**APPEARING** that this Court will construe Plaintiff's notice of voluntary dismissal as a Rule 41(a)(2) dismissal; and it further

**APPEARING** that no party objects to Plaintiff's notice of dismissal, nor is the Court aware of any prejudice that could stem from dismissing this matter;

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 16th day of November, 2021 hereby

**ORDERED** that this matter is hereby **DISMISSED** pursuant to Rule 41(a)(2) and the Clerk of the Court is directed to close this case; and it is further

**ORDERED** that because the matter is dismissed, the moving Defendants' motion to amend or clarify (D.E. 457) is **DISMISSED as moot**; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Order to Plaintiff via regular and certified mail.

_____
John Michael Vazquez, U.S.D.J.